IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ROBERT M. JACKSON                                                                                    PLAINTIFF

3:23-cv-00161-DPM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Robert Jackson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is twenty-eight years old. (Tr. 48, 781.) He is a high school graduate, but testified he attended resource classes. (*Id*, 788-89.) He has no past relevant work. (Tr. 762.)

The ALJ[1] found Mr. Jackson had not engaged in substantial gainful activity since August 23, 2016 - the application date. (Tr. 749.) He has "severe" impairments in the form of "Carpal Tunnel Syndrome, Bilateral; Borderline Intellectual Functioning; Learning Disorder; Anxiety Disorder; Post Traumatic Stress Disorder (PTSD); and Major Depressive Disorder." (*Id*.) The ALJ further found Mr. Jackson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1[2] (Tr. 751-755) – a

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

point of contention in this case. (Doc. No. 10 at 34-43.)

The ALJ determined Mr. Jackson had the residual functional capacity to perform a reduced range of light work given his physical and mental impairments. (Tr. 755.) Because the ALJ found Mr. Jackson had no past relevant work, he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based in part on the testimony of the vocational expert, (Tr. 812-15), the ALJ determined he could perform the jobs of cleaner/housekeeper, office helper, and mail clerk. (Tr. 762.) Accordingly, the ALJ determined Mr. Jackson was not disabled. (Tr. 763.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 735-41.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues that the ALJ erred in not finding that he met Listing 12.05B. (Doc. No. 10 at 34-43.) Specifically, Plaintiff says he satisfies Listing 12.05B through 1) his subaverage general intellectual functioning as found by Vickie Brewer Caspall, Ph.D., and 2) his significant deficits in adaptive functioning as found by Dr. Caspall and Thomas Zurkowski, M.D. (*Id.* at 36.)

To satisfy listing 12.05B, Plaintiff must show:

> 1. Significantly subaverage general intellectual functioning evidenced by a or b:
>
>    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
>
>    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and
>
> 2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

>> a. Understand, remember, or apply information (see 12.00E1); or Interact with others (see 12.00E2); or
>
>> b. Concentrate, persist, or maintain pace (see 12.00E3); or
>
>> c. Adapt or manage oneself (see 12.00E4); and
>
> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

((Tr. 753-54). 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.05B.)

As the Commissioner notes, the ALJ found that Plaintiff satisfied the first and third paragraphs but did not meet the requirements of the second. After careful consideration of Plaintiff's arguments and the Commissioner's response, I find the ALJ's decision is supported by substantial evidence.

Plaintiff's claim depends on the "Medical Source Statement – Mental" completed by his treating doctor, Dr. Zurkowski. In his Medical Source Statement, Dr. Zurkowski reports that Plaintiff has numerous marked and extreme limitations. (Tr. 539-541.) The ALJ considered this evidence and concluded it was entitled to only "limited weight." The ALJ stated:

> Dr. Zurkowski provided a statement in May of 2017 (15F). In this statement, Dr. Zurkowski opined that the claimant would have marked or extreme impairment of almost every aspect of his mental functioning (15F/2-3). As discussed at great length above, Dr. Zurkowski is the claimant's treating psychiatrist, and as such, his clinical observations must be given due focus. However, these opinions are not consistent with those clinical treatment records, and are in conflict with the most recent medical records (See: 3F; 9F; 11F). Furthermore, as was mentioned, these opinions are set forth as simple conclusions, in a pre-generated, "check box" form, with no explanation, rationale, or citation to any objective findings (15F). The only explanation that Dr. Zurkowski provides is a discussion of the employment and education levels of the claimant's parents and siblings, which are not appropriate considerations in the analysis of the claimant's functional ability (15F/4). For all of these reasons, the opinions set forth in 15F are given very limited weight.

(Tr 760-761.)

I take seriously a statement from a Plaintiff's treating doctor. But Dr. Zurkowski's Medical Source Statement is simply unpersuasive. (Tr. 539-541.) In his remarks, Dr. Zurkowski explains that Mr. Jackson's "parents were not educated and were basically farmers. Poor income. [Mother] worked as cleaning lady in hotel and brother did poorly in school – finally got GED. Sister [ and husband were evaluated] for child care and did retain their children." (Tr. 541.) The ALJ could rightly discount his opinions.

While I agree with Plaintiff that the date and check box form of the statement should not necessarily be dispositive, the ALJ could rightly discount Dr. Zurkowski's Medical Source Statement. Most significant was the fact his opinions were inconsistent with his treatment notes. (Tr. 310, 312, 314, 472, 474, 1200, 1225, 1262, 1276.) Other, more recent, treatment notes also fail to support an allegation of disability. (Tr. 1367, 1374, 1382, 1390, 1398, 1399, 1422, 1423, 1430, 1431, 1439, 1440.) It is further significant that Plaintiff lives alone and can function. As the ALJ rightly stated:

> The claimant's full scale IQ, on the Wechsler Adult Intelligence Scale- IV, was 67 (12F/5). However, the claimant is able to live alone, and reports that he is able to prepare his own meals, do light housework, and (again, until his license recently expired) drive (Hearing; 5E; 16E; 36E; 46E). The claimant reports that he sometimes gets a reminder from his aunt or grandmother, but is largely able to care for his personal hygiene and basic daily living needs (Hearing; 5E; 16E; 36E; 46E). The claimant has had an appropriate affect and demeanor (8F/21; 10F/27; 17F/50). Thus, the weight of the evidence supports a finding of a moderate limitation in this area of functioning.

(Tr. 752.)

The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff had the residual functional capacity to perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's thoughtful decision here.

There is also other evidence upon which the ALJ correctly relied upon when coming to her

conclusion that Plaintiff was not disabled. While the state agency medical consultants only reviewed the medical records, their opinions - if supported by the medical evidence – may constitute substantial evidence upon which the ALJ may rely. Here, Elizabeth Bucolo, Psy.D., Elizabeth Berry, M.D., Diane Kogut, Ph.D., and Judith Forte, MD., all provided opinions that Plaintiff could perform unskilled light work. (Tr. 832-838, 856-864.) And after carefully reviewing the entire record in this case, I find the opinions of these doctors to be well supported.

I have considered Plaintiff's additional arguments regarding Dr. Zurkowski and find they are without merit. (Doc. No. 10 at 44-49.) I recognize Mr. Jackson has limitations and some serious medical, intellectual, and mental health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff clearly suffers from some degree of limitation. And his counsel has done an admirable job advocating for his rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole

which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 4th day of January 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE