IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROBERT M. JACKSON**                                                                 **PLAINTIFF**

v.                                              No. 3:23-cv-161-DPM

**SOCIAL SECURITY
ADMINISTRATION,
Commissioner**                                                                      **DEFENDANT**

### ORDER

1.  Jackson has objected to the Magistrate Judge's recommendation. *Doc. 14*. On *de novo* review, his objection is sustained. Fed. R. Civ. P. 72(b) (1983 addition to advisory committee notes). The Administrative Law Judge committed legal error.

2.  Jackson says he suffers from an intellectual disorder that satisfies the criteria for automatic disability under Listing 12.05B. That listing has three elements. *See* 20 C.F.R. 404, Subpart P, Appendix 1, § 12.05B. The ALJ found that Jackson satisfied the first and third elements. *Doc. 8-11 at 21*. But she found that he did not have "significant deficits in adaptive functioning," as required under the second element. *Ibid.* In reaching that conclusion, the ALJ assigned "very limited weight" to the medical opinions of Jackson's treating psychiatrist, Dr. Zurkowski. *Doc. 8-11 at 21-22 & 28*.

3. Jackson challenges the ALJ's decision, in part, on legal grounds. He says the ALJ applied the wrong treating-doctor rule to Dr. Zurkowski's opinions. The parties agree that the ALJ was required to evaluate the doctor's opinions under the prior rule, 20 C.F.R. § 416.927, because Jackson filed his claim before 27 March 2017.* *Doc. 12 at 11; Doc. 14 at 9-10.* But Jackson argues that the ALJ evaluated Dr. Zurkowski's opinions under the new rule, 20 C.F.R. § 416.920c. The Commissioner disagrees. He says the ALJ applied the prior rule.

This matters. Under the prior rule, "an ALJ must give a treating physician's opinion controlling weight if it is well-supported by medical evidence and not inconsistent with the substantial evidence in the record." *Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020); *see also* 20 C.F.R. § 416.927(c)(2). Under the current rule, no special deference is given to a treating physician's opinion. 20 C.F.R. § 416.920c(a); *see also Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022).

4. The deep issue is therefore whether the ALJ committed legal error. This may be "an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Lucus*, 960 F.3d

---

*Jackson cites to 20 C.F.R. § 404.1527, not § 416.927. *Doc. 14 at 9*. The former applies to disability insurance; the latter applies to supplemental security income. That distinction is immaterial, though. The rules are identical in all relevant respects and are analyzed under the same framework. *E.g., Walker v. Commissioner, Social Security Administration*, 911 F.3d 550, 553 (8th Cir. 2018).

at 1068 (quotation omitted).  When the Court can't "determine from the written decision whether the ALJ properly reviewed the evidence," it "must remand."  *Willcockson v. Astrue*, 540 F.3d 878, 879-80 (8th Cir. 2008).

Did the ALJ apply the correct rule?  Based on the ALJ's written decision, the Court cannot say.  The decision contradicts itself in two passages.  The first passage indicates that the ALJ applied the prior rule.  It says:  "The undersigned also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927."  *Doc. 8-11 at 22.*  The second passage indicates that the ALJ applied the new rule.  It says:

> As for medical opinions and prior administrative medical findings, the undersigned will not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from treating medical sources.

*Doc. 8-11 at 27.*  This is a near word-for-word recitation of the new but inapplicable rule.  *See* 20 C.F.R. § 416.920c(a).  And, if true, it's clear legal error.

The Commissioner acknowledges the contradiction.  But he says that the passage reciting the current rule is a "stray boilerplate paragraph pertaining to the revised regulations . . . ."  *Doc. 12 at 11.*  He argues that the substance of the ALJ's discussion makes it clear that the ALJ applied the prior rule.  The Court disagrees.

-3-

The ALJ would have been required to address Dr. Zurkowski's opinions under either rule. *Compare* 20 C.F.R. § 416.927(c) *with* 20 C.F.R. § 416.920c(b). That the ALJ gave his opinions "due focus" isn't much help. *Doc. 8-11 at 27.* This raises questions. Did the ALJ discuss the consistency of Dr. Zurkowski's opinions to give "good reasons" for assigning them limited weight under § 416.927(c)(2)? Or was it to comply with § 416.920c(b)(2)'s requirement that she discuss the "supportability and consistency" of his opinions? The ALJ also didn't address the length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, or Dr. Zurkowski's specialization. The ALJ was required to consider these factors under both rules. 20 C.F.R. § 416.927(c); 20 C.F.R. § 416.920c(c). Under the new rule, she could, but was not required to, explain that consideration. § 416.920c(b)(2). But under the prior rule, the ALJ needed to explain how these factors applied here because she didn't give Dr. Zurkowski's opinions controlling weight. § 416.927(c)(2); *see also Lucus*, 960 F.3d at 1068.

The Court must ensure that the ALJ's decision complies with the relevant legal standards. *Lucus*, 960 F.3d at 1068. The contradiction in the ALJ's decision may well be a drafting error. But the uncertainty it creates amounts to legal error in the circumstances. *Lucus*, 960 F.3d at 1070; *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003). And because the Court can't determine whether the ALJ gave the

20 C.F.R. § 416.927(c) factors the appropriate weight, that error was not harmless. *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012).

\* \* \*

Jackson's objection, *Doc. 14*, is sustained. The Court declines the recommendation, *Doc. 13*, and remands this case to the ALJ for further proceedings consistent with this opinion. 42 U.S.C. § 405(g).

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 April 2024